UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LUYLLI ARIAS-ALMEIDA, an individual; ADA LABANINO-CARRAZANA, an individual; GIRALDO SALAS AVILA, an individual; | Case No. 2:19-cv-00250-RFB-GWF |
| Plaintiffs, | ORDER |
| v. | |
| FRED A. DE LA ROSA, an individual; IRON MOUNTAIN INFORMATION MANAGEMENT SERVICES, INC., a Delaware Corporation; DOES I through X; and ROE CORPORATIONS I through X; | |
| Defendants. | |

## I.    INTRODUCTION

The Court has reviewed the record in this case and finds that the Petition for Removal (ECF No. 1) does not adequately establish the amount in controversy as required for diversity jurisdiction.

## II.    PROCEDURAL BACKGROUND

Plaintiffs sued Defendants on December 18, 2018 in the Eighth Judicial District Court of Nevada, claiming damages resulting from car accident.  In the complaint, Plaintiffs seek general damages in an amount exceeding $15,000, special damages, costs and interests, and attorney's fees.

On January 29, 2019, Plaintiff sought exemption from Nevada's arbitration program ("arbitration program"), which requires arbitration for any civil case initiated in the state district courts in which the "probable jury award value" exceeds $50,000 per plaintiff.  Nevada Arbitration

Rule ("N.A.R.") 3(A).  Plaintiffs filed a request for exemption from the arbitration program, asserting that Giraldo Salas seeks $ 16,532.23 in medical expenses, Luylli Arias seeks $46,714.67 in medical expenses, and Luylli Arias seeks $40,998.13 in medical expenses.  Based on Plaintiffs' request for exemption from the arbitration program, Defendants removed this matter to this Court on February 11, 2019, citing diversity jurisdiction as the basis for federal jurisdiction.

### III.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction.  In re Hunter, 66 F.3d 1002, 1005 (9th Cir. 1995).  A federal court therefore has a *sua sponte* obligation to ensure that it has subject matter jurisdiction.  Kwai Fun Wong v. Beebe, 732 F.3d 1030, 1036 (9th Cir. 2013) (citations omitted); see also Gonzalez v. Thaler, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented.").  Indeed, "subject matter jurisdiction can never be waived or forfeited." Gonzalez, 565 U.S. at 134.

A defendant may remove to federal court a case initially filed in state court if the federal court would have original jurisdiction.  28 U.S.C. § 1441(a).  When a case is removed solely under 28 U.S.C. § 1441(a), all defendants that have been properly joined and served must either join in, or consent to, removal.  28 U.S.C. § 1446(b)(2).

"Removal and subject matter jurisdiction statutes are strictly construed, and a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (citation and quotation marks omitted).  A federal court should remand a case to state court if any doubt exists as to the right to removal.  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (footnote omitted).  Further, when "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." Urbino v. Orkin Servs. of California, Inc., 726 F.3d 1118, 1121–22 (9th Cir. 2013).

Federal courts have original jurisdiction over actions where the matter in controversy is greater than $75,000 if there is complete diversity between the plaintiff and each defendant. 28 U.S.C. § 1332(a). A defendant must remove the matter within one of two thirty-day windows: "during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'" Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005) (quoting 28 U.S.C. § 1446(b)(3)). "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Id.

## IV.    DISCUSSION

After conducting a *sua sponte* review to determine its jurisdiction over this matter, the Court finds Defendants have failed to adequately establish the requisite amount in controversy to establish diversity jurisdiction. While Plaintiffs seek over $75,000 in the aggregate, the amount-in-controversy requirement must be met by a single plaintiff; only then may the Court hear additional claims from additional plaintiffs by way of supplemental jurisdiction. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 554–55 (2005). Defendants fail to point to a single Plaintiff with a claim establishing the amount in controversy without requiring the Court to speculate as to future medical costs and damages. Speculation is insufficient to establish removal jurisdiction. See Corral v. Select Portfolio Servicing, Inc., 878 F.3d 770, 774 (9th Cir. 2017); see also Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1197 (9th Cir. 2015). The Court therefore finds that Defendants have not met their burden of establishing the amount in controversy exceeds $75,000 and remands this matter to state court accordingly.

## V.    CONCLUSION

**IT IS ORDERED** that Clerk of the Court shall remand this matter to the Eighth Judicial District Court in Clark County, Nevada for lack of subject matter jurisdiction.

1        **IT IS ORDERED** that the parties' Stipulation for Remand (ECF No. 4) is DENIED as

2 moot.

3        **IT IS FURTHER ORDERED** that the Clerk of the Court shall close this case accordingly.

4

5        DATED: April 9, 2019.

6

7                                      _____

**RICHARD F. BOULWARE, II**

8                                    **UNITED STATES DISTRICT JUDGE**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28